UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
QUEST VENTURES, LTD,

                Appellant,

     -against-

IPA MANAGEMENT IV, LLC and ALLAN B.
MENDELSOHN,

                Appellees.
----------------------------------------------------------------X

For Online Publication Only

**MEMORDANDUM & ORDER**
17-CV-4026 (JMA)

FILED
CLERK

2/15/2018 2:20 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

    Richard F. Artura
    Phillips, Artura & Cox
    165 S. Wellwood Avenue
    Lindenhurst, NY 11757
    *Attorney for Appellant*

    Fred S. Kantrow
    Rosen Kantrow & Dillion PLLC
    38 New Street
    Huntington, NY 11743
    *Attorney for Appellee*

**AZRACK, United States District Judge:**

    The instant case is an appeal from an order of the Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). Appellee Allan B. Mendelsohn was appointed by the Bankruptcy Court as the trustee ("Trustee"). He moves to dismiss the appeal on the basis that once appointed, the Trustee has the sole power to prosecute an appeal on behalf of the debtor. For the reasons set forth below, the Court grants Appellee's motion to dismiss the appeal.

# I. PROCEDURAL HISTORY

On December 23, 2015, Quest Ventures, Ltd ("Appellant" or "Debtor") filed a voluntary petition for relief from its creditors pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). (Motion to Dismiss ("MTD") ¶ 1, ECF No. 3.) Pursuant to an order dated June 20, 2017 (the "Conversion Order"), the Bankruptcy Court converted the Chapter 11 bankruptcy case to one under Chapter 7 of the Bankruptcy Code. (See Conversion Order, MTD, Ex. A; MTD ¶ 2.) In the Conversion Order, Judge Grossman directed the United States Trustee to appoint a Chapter 7 trustee and Allan B. Mendelsohn was appointed the interim Chapter 7 trustee that same day. (See Converted Case Memo, MTD, Ex. B.) On July 6, 2017, the instant appeal was filed, purportedly on behalf of the Debtor, challenging the Conversion Order. It appears that the Debtor's management, specifically its primary shareholder Salvatore Guererra, instituted the appeal. The Trustee filed his motion to dismiss on July 7, 2017. (ECF No. 1.) Mendelsohn was appointed the permanent Trustee on July 18, 2017. (See Opp. ¶ 19, ECF No. 12.)

# II. DISCUSSION

The Trustee contends that Appellant lacks the legal authority to contest the Conversion Order because although Appellant purports to bring this appeal on behalf of the Debtor, the Trustee, upon his appointment, "became the Debtor and the sole party in control of the Debtor's assets." (MTD ¶ 5.) Appellant contends that it has standing because the Debtor has "an actual pecuniary interest in this case and a practical stake in its outcome." (Opp. ¶ 6.) Despite Appellant's attempt to argue otherwise, the parties do not dispute Debtor's standing to appeal the Conversion Order. The real question at issue is who can appeal on behalf of the Debtor.

The Second Circuit has never directly addressed this issue, but the general principles of bankruptcy law and Supreme Court precedent dictate that once appointed, the trustee controls the

debtor's actions, including the power to prosecute an appeal. Additionally, the Tenth Circuit recently addressed this very issue in In re C.W. Mining Co., 636 F.3d 1257 (10th Cir. 2011), which this Court finds persuasive.

Upon conversion to Chapter 7 bankruptcy and the appointment of a trustee, a bankruptcy estate is created. Section 541 of the Bankruptcy Code provides that the bankruptcy estate encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "[E]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993); see Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) (citing Yonikus with approval). Once appointed, the trustee assumes control over the debtor's entire estate and all such interests. "[H]e assumes control of the business, and the debtor's directors are 'completely ousted.'" Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352–53 (1985).

A trustee's control is not limited to the corporation's management. The trustee also assumes the sole power to prosecute legal claims on behalf of the debtor. See Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee . . . may prosecute or may enter an appearance and defend any proceeding by or against the debtor, or commence or prosecute any action or proceeding in behalf of the estate before any tribunal.").

In C.W. Mining, just as in this case, the debtor's former management, purporting to act on the debtor's behalf, appealed an order of the bankruptcy court after a Chapter 7 trustee had been appointed. The Tenth Circuit dismissed the appeal and held that once appointed, the trustee had the sole power to prosecute an appeal. C.W. Mining, 636 F.3d at 1266. The court reasoned that to allow management to retain the ability to pursue the appeal on the debtor's behalf would

3

frustrate the purpose of the Bankruptcy Code. The court stressed that the trustee, to effectively carry out its duties, must maintain control over all of the debtor's assets, with no exception. Id. at 1262 ("[Allowing management to control the appeal] necessarily would result in the trustee controlling some, but not all, of the debtor's assets. Such a result cannot be squared with Weintraub's rule that corporate officers are 'completely ousted' once a trustee has been appointed."). In support of its holding that the trustee alone has the right to control the appeal, the court reiterated:

> [T]he [Bankruptcy] Code makes no provision within the structure of Chapter 7 for "former management" to appear in the proceeding and attempt to control the property of the estate or assert a separate interest on behalf of the Debtor. The whole notion that the contrary is true is antithetical to the basic concept of a corporate liquidating bankruptcy under Chapter 7 of the Code . . . . *The only person with standing or legal capacity to represent [the Debtor] in any litigation, including these appeals, is its Trustee.*

Id. at 1262-1263 (quoting Log Furniture, Inc. v. Call, 180 F. App'x 785, 788 (10th Cir. 2006)) (alteration and emphasis in original).

Appellant concedes that "predominantly, the Chapter 7 trustee has full managerial control and the right to bring appeals on behalf of the Chapter 7 estate," but focuses on the Tenth Circuit's limitation on its ruling in C.W. Mining that a corporation's management can contest a conversion to Chapter 7 "[w]hile they still control the corporation." C.W. Mining, 636 F.3d at 1265. The Tenth Circuit indeed noted that "[management] can appeal a conversion order (at least until a trustee is appointed)." Id. (emphasis added.) Appellant recognizes that the Trustee was appointed simultaneously with the Conversion Order, (see Opp. ¶ 19 n.2), but attempts to distinguish the appointment of an interim trustee from the appointment of a permanent trustee because the appeal here was taken before the permanent appointment. In this case, Mendelsohn was appointed as the interim Trustee on June 20, 2017 and was appointed as the permanent Trustee on July 18, 2017.

4

Although Appellant raises this distinction, Appellant does not explain why the Court should distinguish the interim trustee from the permanent trustee.

Even if the Court were to find that management had the right to appeal on behalf of the Debtor after the interim Trustee was appointed, but before the permanent Trustee was appointed, the right to control the appeal would vest in the permanent Trustee upon his appointment, yielding the same result. See South Edge LLC v. JP Morgan Chases Bank, N.A., Nos. 11–CV–00240, 11–CV–00301, 2011 WL 1626567 *5 (D. Nev. Apr. 28, 2011) ("As to the notion that the former managers could appeal prior to appointment of a trustee, that is a power of the debtor-in-possession, which South Edge exercised here prior to appointment of the Trustee. However, upon appointment, the Trustee was substituted for the debtor in all pending litigation as the real party in interest, and the authority to decide whether to continue to pursue the appeal on South Edge's behalf transferred from the debtor-in-possession to the Trustee.").

Importantly, as the Trustee rightly points out, management could have appealed the Conversion Order in their own right, "as persons aggrieved," if they could demonstrate that they "have been injured peculiarly." C.W. Mining, 636 F.3d at 1266. However, they failed to do so and cannot now as a result "usurp the *corporation's* right to appeal, which may be exercised by the trustee alone." Id. at 1263 (emphasis in original).

Appellant requests in the alternative that the Court substitute Quest's majority shareholder, Salvatore Guererra, as the Appellant in this action pursuant to Federal Rule of Appellate Procedure 43(b). "[S]ubstitution under Rule 43(b) is permissible only when 'a party to the suit is unable to continue to litigate' and not when 'an original party has voluntarily chosen to stop litigating.'" AngioDynamics, Inc. v. Biolitec, Inc., 775 F.3d 550, 554 (2d Cir. 2015) (quoting Alabama Power Co. v. Interstate Commerce Commission, 852 F.2d 1361, 1366 (D.C. Cir. 1988)). The Court

5

declines to substitute Guerra for the Appellant.  First, Appellant provides no basis or reasoning to support its substitution request.  Secondly, substitution is not appropriate here.  It is not the case that the Debtor is unable to continue litigating this appeal, but instead that the Trustee, as the real party in interest, has chosen not to prosecute this appeal.

### III.    CONCLUSION

For the foregoing reasons, the Trustee's motion to dismiss is GRANTED and Appellant's appeal is dismissed.

**SO ORDERED.**

Date:   February 15, 2018
Central Islip, New York

                    /s/ (JMA)
Joan M. Azrack
United States District Judge